**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ROBERT GABRIELLI d/b/a READING REALTY,**

        **Plaintiff,**　　　　　　　　**1:07-CV-050**
　　　　　　　　　　　　　　　　　　　　**(GLS\DRH)**
        **v.**

**ROUNDOUT, L.L.C.,**
        **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| LOVETT, GOULD LAW FIRM<br>222 Bloomingdale Road<br>White Plains, New York 10605-1513 | JANE BILUS GOULD, ESQ. |
| **FOR THE DEFENDANT:** | |
| PETERS, HOGGAN LAW FIRM<br>677 Broadway<br>8th Floor<br>Albany, New York 12207 | JOHN D. HOGGAN, JR., ESQ. |

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Robert Gabrielli alleges that defendant Roundout, L.L.C. breached a

real estate contract when it failed to pay a commission on a conveyance of real property. *See Dkt. No. 1*. On May 16, 2007, Roundout filed a motion for judgment on the pleadings[1] pursuant to Federal Rule of Civil Procedure 12(c). *See Dkt. No. 11*. In response to the motion, Gabrielli moved to amend his complaint to add an alternative theory of recovery. *See Dkt. No. 15.* For the reasons that follow, Gabrielli's motion is granted, and Roundout's motion is denied with leave to renew.

## II. Facts

Robert Gabrielli is a real estate broker, licensed to conduct business in the State of New York. *See First Am. Compl. ¶3, Dkt. No. 7.* Roundout, a limited liability company incorporated in the State of Colorado, is owned and controlled by Neil Feinstein and Martin Chernoff. *See id.* at *¶4.* At all relevant times, Roundout owned approximately eleven acres of real property known as Section 62.4, Block 04, Lot 41.1 Creeklocks Road in the Town of Rosendale in Ulster County, New York. *See id.*

On January 24, 2005, Rondout and Gabrielli entered into an "Exclusive Right to Sell Listing Agreement." *See id.* at *¶5*. That

---

[1] On January 15, 2007, Roundout moved to strike certain paragraphs of the complaint. *See Dkt. No. 5.* Subsequently, on March 6, Roundout voluntarily withdrew its motion to strike because the relief requested therein had been mooted by Gabrielli's filing of an amended complaint. *See Dkt. Nos. 7, 9.*

agreement, which expired on January 15, 2006, provided that Rondout would pay Gabrielli a brokerage commission of 6% "if [the] subject property was sold, exchanged, conveyed, or contracted to be sold during said term." *Id*.  The listing price of the property was $2,500,00.00.  *See First Am. Compl.* ¶5, Dkt. No. 7.

Through Gabrielli's efforts, a potential purchaser entered into a contract to purchase the property for $600,000.00, a sum which was later re-negotiated to approximately $800,000.00.  *See id.* at ¶*6*.  That sale never closed because the property was rumored to have been contaminated with dioxin.  *See id.*  Subsequently, Roundout authorized Gabrielli to explore the possibility of conveying the property as a charitable contribution.  *See id.* at ¶*7*.  Gabrielli procured a non-profit entity known as "Americans to End Narcotics Abuse," a/k/a "AMEN" to receive the donation.  *See First Am. Compl.* ¶8, Dkt. No. 7.  However, because AMEN failed to qualify as a recipient under the Internal Revenue Code, the conveyance did not occur.  *See id.* at ¶*8.*

Gabrielli then suggested the Town of Rosendale as a suitable recipient of the conveyance.  *See id.* at ¶*9.*  Aware that the Town of Rosendale was wiling to accept the property as a donation, Roundout

directed Gabrielli to take no further action. *See id.* at *¶10.* Instead, Roundout directly negotiated with the Town of Rosendale and ultimately entered into an agreement with the Town for the donation of the property. *See First Am. Compl. ¶8, Dkt. No. 11.* The property was appraised at a fair market value of $2,550,000.00. *See id.*

On October 7, 2005, Roundout executed a deed, conveying the property in fee simple to the Town. *See id.* at *¶12.* On December 14, the Town accepted the property as a charitable donation. *See id.* at *¶13.* When Gabrielli learned of this transaction, he demanded that Roundout pay him the 6% commission provided for in their agreement. *See First Am. Compl. ¶8, Dkt. No. 14.* Roundout refused to pay the subject commission because the property was conveyed as a charitable donation, not sold for profit. *See id.* at *¶15.*

### III. Discussion

**A.     Standard of Review - Motion for Judgment on the Pleadings**

In deciding a Rule 12(c) motion for judgment on the pleadings, the court applies the same standard as is used in deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363 (2d Cir. 2005).

Federal Rule of Civil Procedure 12(b)(6) provides that a cause of action shall be dismissed if a complaint fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  In other words, the court should dismiss the complaint pursuant to Rule 12(b)(6) if "it appears beyond doubt that the plaintiff can prove no set of facts in support of the complaint which would entitle him to relief." *Twombly v. Bell Atl. Corp.*, 425 F.3d 99, 106 (2d Cir. 2005) (internal quotation marks and citation omitted).  "A court's task in ruling on a Rule 12(b)(6) motion is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *AmBase Corp. v. City Investing Co. Liquidating Trust*, 326 F.3d 63, 72 (2d Cir. 2003) (internal quotation marks and citation omitted).  Therefore, in reviewing a motion to dismiss, a court "must accept the facts alleged in the complaint as true and construe all reasonable inferences in [the plaintiff's] favor." *Fowlkes v. Adamec*, 432 F.3d 90, 95 (2d Cir. 2005) (citation omitted).

**B.    Standard of Review - Motion to Amend**

Once a responsive pleading has been served, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party[.]" FED. R. CIV. P. 15(a).  Leave to amend should be "freely

5

given when justice so requires." *Id.; Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003). "However, it is well established that leave to amend a complaint need not be granted when amendment would be futile." *Ellis*, 336 F.3d at 127.

**C.    The Motions**

Roundout argues that Gabrielli's amended complaint fails to state a viable breach of contract claim. Specifically, Roundout argues that Gabrielli's commission, a percentage of the selling price under the parties' agreement, is nonexistent here because the subject property was conveyed as a charitable donation. As such, under the plain terms of the agreement, Roundout maintains that Gabrielli is not entitled to a commission.

To the contrary, Gabrielli maintains that the agreement governing this lawsuit provided for a commission even when, as here, the property was conveyed as a charitable donation. Gabrielli contends that parole evidence will clarify the terms of the agreement. In addition, he filed a proposed second amended complaint which adds a claim for equitable relief under the contract theory, *quantum meruit*. In opposition to Gabrielli's proposed amendment, Roundout argues that under either theory, Gabrielli's claim

6

fails as a matter of law.

At this early juncture, the court must accept the facts in the complaint as true and construe all reasonable inferences in Gabrielli's favor. As such, Roundout's arguments pertaining to Gabrielli's breach of contract claims are premature. Accordingly, Gabrielli's motion to amend is granted, and Roundout's motion for judgment on the pleadings is denied with leave to renew after discovery.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Roundout's motion for judgment on the pleadings (*Dkt. No. 11*) is **DENIED with leave to renew after discovery**, and it is further

**ORDERED** that Gabrielli's cross-motion to amend (*Dkt. No. 15*) is **GRANTED**, and it is further

**ORDERED** that the Clerk provide a copy of this Decision and Order to the parties.

**IT IS SO ORDERED.**

August 21, 2007
Albany, New York

Gary L. Sharpe
U.S. District Judge

7